UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                                            Case No. 15-40846

ALONZO E. GATES, and                       Chapter 13
SANDRA J. BROWN-GATES,

                                                                Judge Thomas J. Tucker

                Debtors.
_____/

**OPINION DETERMINING THE REASONABLE AMOUNT OF ATTORNEY FEES
THAT THE CREDITOR, STRATEGY PROPERTY MANAGEMENT, LLC, MUST PAY
TO THE DEBTORS, UNDER THE COURT'S ORDER FILED NOVEMBER 16, 2017
(DOCKET # 90)**

This case came before the Court for a hearing on November 16, 2017, on the motion filed by the Debtors entitled "Motion for Sanctions Against Strategy Property Management, LLC for Violation of the Automatic Stay Pursuant to 11 U.S.C. § 362" (Docket # 69, the "Motion"). Strategy Property Management, LLC objected to the Motion. The Debtors' attorney and the attorney for Strategy Property Management, LLC appeared at the hearing. Confirming action taken by the Court during the hearing, and for the reasons stated by the Court on the record in the bench opinion given during the hearing, the Court entered an Order on November 16, 2017 (Docket # 90, the "November 16 Order").

The November 16 Order ordered the following:

    2. Under 11 U.S.C. § 362(k)(1), Strategy Property Management, LLC is liable to the Debtors in the amount of all reasonable attorney fees and expenses caused by Strategy Property Management, LLC's willful violation of the automatic stay, as described in the Court's bench opinion, consisting of the following:

        a. all reasonable attorney fees and expenses of Debtors' attorney(s) in preparing, filing, and prosecuting the Motion, through and including the November 16, 2017 hearing; and

  b. all reasonable attorney fees and expenses of Debtors' attorney(s) for work done in attempting to get Strategy Property Management, LLC to set aside the sheriff's sale of the Debtors' property located at 14511 Burns, Southgate MI 48195, including efforts beginning on July 25, 2017.

The November 16 Order set deadlines for the Debtors to file an itemization of such fees and expenses, and for Strategy Property Management, LLC (the "Creditor") to file any objections to that itemization.

  The Court has reviewed the itemization filed by the Debtors (Docket # 92, the "Itemization"), under which the Debtors seek a total of $4,000.00 in attorney fees and no expenses. The Court also has reviewed the objection to the Itemization and the exhibits filed by the Creditor (Docket # 94). The Court concludes that a hearing is not necessary in order to determine the amount of attorney fees that the Creditor must pay under the November 16 Order. The Court now determines such amount.

  The Court finds some of the Creditor's objections to be well taken, and other objections to be without merit.

  **First,** the Court finds well taken, and sustains, the Creditor's following objection:

> [The Creditor] objects to the requested attorney fees to the extent they exceed those certain attorney fees identified by Debtors' Counsel's Fourth Application for Order Approving Post Confirmation Attorney Fees. **[See Docket No. 93]** . . . . The following dates do not comport with one another and appear to have been inflated for purposes of the Itemization:

| Date | Itemization Amt. | Fourth Application Amt. | Difference |
|---|---|---|---|
| 7/13/2017 | $175.00 | $125.00 | $50.00 |
| 7/19/2017 | $250.00 | $225.00 | $25.00 |

2

15-40846-tjt Doc 98 Filed 01/03/18 Entered 01/03/18 14:23:10 Page 2 of 5

| | | | |
|---|---|---|---|
| 7/25/2017 | $225.00 | $175.00 | $50.00 |
| 8/15/2017 | $100.00 | $75.00 | $25.00 |
| 8/17/2017 | $75.00 | $50.00 | $25.00 |
| 8/28/2017 | $100.00 | $75.00 | $25.00 |
| 9/5/2017 | $150.00 | $125.00 | $25.00 |

(Docket # 94 at 3) (bold in original).

The sum of the foregoing differences is $325.00. That is, the itemization in the Debtors' attorney fee application filed December 4, 2017 (Docket # 93) shows lower hour numbers and lower dollar amounts for the entries on the above dates, than does the Itemization (Docket # 92). The Court will hold the Debtors and the Debtors' counsel to the lower amounts, and thus will reduce the amount of fees awarded against the Creditor by those amounts, which total $325.00.

**Second**, the Court notes that the Itemization includes a time entry for August 17, 2017 that does not appear in the fee application filed December 4, 2017. This is the second time entry in the Itemization for August 17, 2017, in the amount of $75.00. Because this time entry does not appear in the December 4, 2017 fee application, the Court will not allow it as part of the fees that the Creditor must pay. This is a reduction of $75.00 from the total fees of $4,000.00 that the Debtors seek against the Creditor.

**Third**, the Court agrees with, and sustains, the Creditor's objection that several of the time entries in the Itemization fall outside the parameters of the fees to be awarded under the November 16 Order. These time entries are limited to time spent by the Debtors' attorney in pursuing a mortgage loan modification with the Creditor. Even though such efforts by the Debtors' attorney were part of her efforts to settle the Debtors' Motion, such work falls outside the scope of work that the Court defined in its November 16 Order, quoted above. As a result, these time entries will not be included in the fees that the Creditor must pay under the November

3

16 Order. The disallowed time entries under this category are most, but not all, of the entries that the Creditor objected to on this ground. The disallowed time entries are these:

| Date: | Dollar Amount: |
|---|---|
| 8/29/17 | $50.00 |
| 9/5/17 (second entry) | $25.00 |
| 9/18/17 (second entry) | $50.00 |
| 10/24/17 | $25.00 |
| 11/9/17 | $125.00 |
| 11/15/17 | $50.00 |

These items total $325.00, and this amount will be deducted from the $4,000.00 in fees that the Debtors seek against the Creditor.

The Court finds that all other objections made by the Creditor to the fees in the Debtors' Itemization are without merit, and overrules such objections. This includes the argument, repeatedly made by the Creditor, that the Debtors and their attorney failed to mitigate their damages (attorney fees) by overstating to the Creditor's counsel the amount of fees incurred due to the Creditor's automatic stay violations. Under the circumstances, the Court finds that the only offer to pay attorney fees made by the Creditor, $500.00 (*see* Docket # 94 at 2), was an unreasonably low offer at the time it was made. Moreover, the Court concludes that the Debtors and their attorney had no duty, as part of the Debtors' general duty to mitigate damages or otherwise, to accept anything less than 100% of the attorney fees actually incurred because of the stay violations. And there is no evidence, and the Creditor does not allege, that the Creditor ever made a settlement offer to pay anything close to 100% of the amount of such fees.

After deducting the total of $625.00 in disallowed fees described above, the Court finds the resulting amount of $3,375.00 to be the reasonable attorney fees incurred by the Debtors for

their attorney's work "in preparing, filing, and prosecuting the Motion, through and including the November 16, 2017 hearing" and for their attorney's "work done in attempting to get Strategy Property Management, LLC to set aside the sheriff's sale of the Debtors' property," within the meaning of the November 16 Order. Consistent with the November 16 Order, then, the Court will require the Creditor to pay this amount in attorney fees, plus the $1,000.00 in punitive damages awarded in Paragraph 6 of the November 16 Order.

The Court will enter a judgment consistent with this opinion and the November 16 Order, by a separate order.

**Signed on January 3, 2018**

/s/ Thomas J. Tucker
**Thomas J. Tucker**
**United States Bankruptcy Judge**